Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| SIXTO GUZMÁN MERCADO<br><br>Parte Recurrida<br><br>v.<br><br>JUANA MARÍA SANTANA GONZÁLEZ<br><br>Parte Peticionaria | TA2026CE00457 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2025CV11307<br><br>Sobre: Desahucio y Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de abril de 2026.

Comparece ante *nos* Juana María Santana González (Santana González o peticionaria), por derecho propio y nos solicita que revisemos una *Orden* emitida el 8 de abril de 2026 y notificada el 9 de abril de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen, el foro primario declaró *Con Lugar* la *Moción Solicitando Lanzamiento* que presentó Sixto Guzmán Mercado (Guzmán Mercado o recurrido) y, en consecuencia, ordenó el lanzamiento de la parte peticionaria de la propiedad en cuestión.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de epígrafe por falta de jurisdicción.

## I.

El 14 de enero de 2026, el foro primario emitió una *Sentencia* mediante la cual declaró *Ha Lugar* la *Demanda [de] Desahucio* y ordenó el desahucio de Santana González y cualquier ocupante de

la propiedad; el pago de la suma de $1,950.00 por concepto de cánones adeudados y, el pago de $1,000.00 por concepto de gastos y honorarios pactados. Asimismo, ordenó que copia de la *Sentencia* sea notificada al Departamento de la Familia y al Departamento de la Vivienda.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 8 de abril de 2026, la parte recurrida presentó una *Moción Solicitando Lanzamiento.* Ese mismo día, el TPI emitió una *Orden* mediante la cual declaró *Con Lugar* la *Moción Solicitando Lanzamiento* y ordenó el lanzamiento de la peticionaria y cualquier otra persona que habite y ocupe la propiedad localizada en la Calle Merhoff #331 Villa Palmeras, San Juan, PR.

Inconforme, el 13 de abril de 2026, Santana González compareció ante *nos* mediante un escueto *Recurso de Apelación Civil* al cual anejó una *Solicitud de Auxilio de Jurisdicción;* sin embargo, ambos escritos son esencialmente los mismos.[1] En dicho recurso, la peticionaria alegó la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al autorizar el lanzamiento sin [ininteligible] adecuadamente:
> Las circunstancias humanitarias.
> La presencia de un menor de edad.
> Las irregularidades en los servicios.
> La [ininteligible] de pozo de la apelante.
>
> Erró además al imponer honorarios de abogado sin considerar la situación económica de la apelante ni las controversias sustanciales del caso.

## II.

### A. La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30,

---

[1] El *Recurso de Apelación Civil* se atenderá como un recurso de *certiorari* por ser el recurso correcto en derecho; no obstante, el recurso preservará el alfanumérico que le ha sido asignado.

218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC,* 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024); *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra; Torres Alvarado v. Maderas Atiles,* 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio. MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172

DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

### B. Perfeccionamiento del recurso de *certiorari*

El perfeccionamiento del recurso de *certiorari* está regulado en la Parte IV del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 54, 215 DPR __ (2025), dispone que:

El escrito de *certiorari* contendrá:

[...]

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

    i. en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

    ii. en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de certiorari, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del Apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de certiorari, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí*, 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". *Íd.*

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho*

*Procesal Apelativo,* Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

### C. Incumplimiento con el Reglamento del Tribunal de Apelaciones

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* dispone que este foro podrá *motu proprio,* en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

### III.

En el caso ante *nos,* el recurso de *certiorari* presentado por Santana González no es revisable. La parte peticionaria incumplió

sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, no surge del recurso de *certiorari*, una relación fiel y concisa de los hechos procesales y materiales del caso. Específicamente, de aquellos que dan pie a la *Demanda [de] Desahucio*, la *Sentencia* y la *Orden* recurrida.

Asimismo, la peticionaria omitió hacer una referencia clara a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de *certiorari*. Además, Santana González no incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la decisión del foro *a quo*. Tampoco se incluyeron las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

Por último, solo se incluyó en el apéndice la *Orden* de la cual se recurre, pero no se incluyó ningún otro documento que nos permita conocer y validar el trasfondo fáctico del caso y que formen parte del expediente original del foro primario.

Como indicamos, la ausencia de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de documentos, nos privan de jurisdicción para atender el recurso. Por consiguiente, ante tales incumplimientos, procede la desestimación del recurso de epígrafe por falta de jurisdicción; no sin antes, dejar claro que el escueto escrito ante nuestra consideración se circunscribe a unos planteamientos que solo señalan su descontento con la determinación adversa del foro primario y las circunstancias que, a su juicio, persisten en la propiedad.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *certiorari* por falta de jurisdicción. Además, declaramos *No Ha Lugar* la *Solicitud de Auxilio de Jurisdicción.*

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones